**EXHIBIT A**

| FLIR Corporate Policy | Policy Name: Dispute Resolution Policy | Document No.: HR-001 |
|---|---|---|
| | Department Name: Human Resources | Page 1 of 15 |
| | Original Issue Date: August 10, 2009 | Revision Date: |

This Policy Statement includes the following sections:

I. Scope And Effective Date
II. Policy
III. Procedure and Responsibility
IV. Forms
Form 1: Request for Human Resources Review
Form 2: Request for Management Review Panel
Form 3: Request for Mediation
Form 4: Request for Arbitration

## I. SCOPE AND EFFECTIVE DATE

This policy ("DRP" or the "Policy") applies to all current employees and former employees who were employed by FLIR Systems, Inc. or its subsidiaries (the "Company") at any time while the Policy or any version was in effect (collectively referred as the "Employee" or "Employees"). The Policy will not apply to employees who are not covered by U.S. law.

The effective date of the Policy shall be thirty (30) days from the date of the issuance of the Policy.

## II. POLICY

Employees are encouraged to resolve disputes informally, either through dialogue with their immediate supervisor, others in their management chain, or the appropriate human resources representative in accordance with Grievance and Open Door Policy set forth in the Employee Handbook. However, occasionally, informal efforts do not resolve an Employee's dispute, and in such cases, an Employee must submit his or her individual dispute to the DRP when the claim is covered by the DRP.

DRP is a structured dispute resolution process that includes up to four levels.

Level 1: ***Human Resources Review***; followed, if applicable, by

Level 2: ***Management Review***; followed, if applicable, by

Level 3: ***Mediation***; followed, if applicable, by

Level 4: ***Arbitration***.

Only disputes that involve a legal right, claim or entitlement are processed at Levels 3 and 4. These disputes are defined in the DRP as "Covered Claims." Employees must complete each level of the process before proceeding to the next level, except the Company may elect to bypass one or more steps prior to arbitration for disputes with former employees.

A

Level 1 – Human Resources Review – Human Resources representative(s) meet with the Employee and the other parties involved and attempt to resolve the Employee's dispute by a mutually acceptable agreement. If the Employee is not satisfied with the outcome of Level 1, the Employee must, within thirty (30) calendar days of the Final Determination of the Human Resources Review, submit the dispute to the Management Review Panel (Level 2), or the Employee waives all rights to pursue his or her claims.

Level 2 – Management Review Panel – The Employee and Management Review Panel attempt to resolve the dispute by a mutually acceptable agreement. If the Employee is not satisfied with the outcome of Level 2 and the dispute involves a Covered Claim, the Employee must, within thirty (30) calendar days of the date of Final Determination of the Management Review Panel, submit the dispute to Mediation (Level 3), or the Employee waives all rights to pursue his or her claims.

Level 3 – Mediation – An outside mediator helps the Employee and the Company negotiate a mutually acceptable resolution. The Mediator may confer with the Company and the Employee together or separately to help them reach a mutually acceptable agreement. A mediator has no authority to impose a resolution. If an Employee and the Company do not reach a resolution at Level 3 and the dispute involves a Covered Claim, an Employee must, within thirty (30) calendar days of the date of the Conclusion of the Mediation, submit the dispute to Arbitration (Level 4), or the Employee waives all rights to pursue his or her claims.

Level 4 – Arbitration – An outside arbitrator after a hearing provides the Employee and the Company with a decision on the Covered Claim. The Arbitrator's decision is the exclusive remedy for Covered Claims and is final and binding on the Company and Employee.

Extension of Time for Filings between Levels - The Company in its sole discretion, in writing, may extend the time for filing between levels on a particular occasion, provided that an extension on one occasion shall not be grounds for an extension on any other occasion and shall not waive any other provision of the policy.

**Covered Claims**

Covered Claims are employment-related claims between an individual Employee and the Company, its parents, affiliates, subsidiaries, its individual managers and other present or former employees. Covered Claims involve a claim of a legal right, obligation or entitlement regarding or arising from the employment relationship by either the Employee or the Company including claims under common law, federal, state or local statute or regulation. Covered Claims include, but are not limited to, the following:

1. Claims relating to involuntary terminations, such as layoffs and discharges (including constructive discharges);
2. Employment discrimination and harassment claims, based on, for example, age, race, gender, sexual orientation, religion, national origin, veteran status, citizenship, disability, genetic information or other characteristic protected by federal, state or local statute, regulation or law;
3. Retaliation claims for legally protected activity and/or for whistle blowing;
4. Claims relating to state or federal Family and Medical Leave Acts;
5. Claims relating to workplace accommodation due to physical or mental disabilities;
6. Tort claims, intentional torts, negligence, defamation, invasion of privacy, infliction of emotional distress, etc.; and
7. Claims of violation of public policy.

**Excluded Claims**

Claims excluded from the DRP are the following:

1. Claims for benefits under a Company benefit plan, including those covered by the Employee Retirement Income Security Act of 1974 (ERISA);
2. Claims for workers' compensation, violations of specific safety requirements or unemployment compensation benefits;
3. Claims involving the ownership and use of patents, trademarks, trade names or copyrights;
4. Claims covered under the National Labor Relations Act;
5. Claims against the Company, a present or former Employee which do not have any relationship to the Employee's work or relationship to the Company; and
6. Claims that do not involve a claim of a legal right, obligation or entitlement; except that such work-related Claims may be pursued through Levels 1 and 2 of the Policy as set forth in the Section on Non-Legal Claims.

| FLIR Corporate Policy | Policy Name: Dispute Resolution Policy | Document No.: HR-001 |
|---|---|---|
| | Department Name: Human Resources | Page 4 of 15 |
| | Original Issue Date: August 10, 2009 | Revision Date: |

**Non-Legal Claims**

Claims of an Employee which relate to the workplace or the employment relationship that do not involve a claim of a legal right, obligation or entitlement may be submitted under the Policy through Levels 1 and 2 ("Non-Legal Claims").

A Non-Legal Claim may be included in proceedings under Levels 1 and 2 with a Covered Claim, but the Non-Legal Claim shall not be submitted to Level 3 and/or Level 4 without the express written consent of both the Employee and the Company.

**Limitations**

The Company encourages Employees to attempt to resolve matters informally with their supervisor or the Human Resources Department. If a matter cannot be resolved, the Company's policy is that claims should be filed for Human Resources Review (Level 1) within thirty (30) calendar days after the dispute arises or cannot be successfully resolved. This is a guideline which shall not be applied by the Company to bar the submission of any Covered Claim to Human Resources Review (Level 1) within the applicable statute of limitations.

After the initial filing at Level 1 for Human Resources Review, the Employee must (1) follow each step and cannot skip any level; and (2) file any request to proceed to any of the next Levels within thirty (30) calendar days after the completion of the previous Level. If an Employee does not file for the next step within the thirty (30) day period, the Employee will waive his or her rights to pursue his or her claims.

Any Employee who invokes the Dispute Resolution Policy shall submit all Covered Claims in accordance with the procedure set forth under the DRP, and any failure to do so shall waive the Covered Claims in existence at the time of the initial filings. The Company shall submit any claim it has against Employee under the DRP, and any failure to do so shall waive any such claim in existence at the time of the initial filings.

The Company in its sole discretion, in writing, may waive a particular requirement or deadline in order to allow a dispute to proceed under the DRP in a particular instance without waiver of the provisions of the Policy on any other occasion.

**Interim Relief**

For claims involving intellectual property, trademarks, trade secrets, business know-how or intellectual property, including but not limited to the alleged breach of Employee's non-competition, non-solicitation, fiduciary, or confidentiality obligations, either the Employee or the Company may, without inconsistency with this Policy, apply to any court of competent jurisdiction and seek interim provisional, injunctive, or other equitable relief until the arbitration award is rendered or the Covered Claim is otherwise resolved in accordance with the Policy.

**Exclusivity of the Dispute Resolution Policy**

The DRP is the sole and exclusive forum and remedy for all Covered Claims that are within its scope, provided that any class or collective action, whether arising under state or federal law, shall be determined by a court of competent jurisdiction. Exhaustion of the steps established in the DRP is mandatory.

The Employee and Company agree and hereby waive any right to a jury trial or a judge for any Covered Claim.

**Retaliation is Prohibited**

Retaliation or threats of retaliation against any person who files or considers filing any Claim, serves as a witness and/or in any way participates in any action covered under the DRP is absolutely prohibited. Any person having knowledge of such retaliation shall immediately notify their supervisor or the Human Resources Department or the office of the General Counsel.

**Acceptance/No Change in Terms of Employment**

The submission of an application, acceptance of employment or the continuation of employment by an individual shall be deemed to be acceptance of the DRP. No signature shall be required for the Policy to be applicable. The mutual obligations set forth in this DRP shall constitute a contract between the Employee and the Company but shall not change an Employee's at will relationship or any term of any other contract or agreement between the Company and Employee. This Policy shall constitute the entire agreement between the Employee and Company for the resolution of Covered Claims.

**Confidentiality**

All aspects of any proceeding pursuant to this DRP, including the hearing and recording of the arbitration, shall be confidential, shall be privileged to the extent provided by applicable law, shall not be open to the public, and neither party shall agree to publish the arbitrator's award or arrange for publication of the award, except (i) to the extent both Parties agree otherwise, in writing; (ii) as may be appropriate in any subsequent proceeding between the Parties, (iii) as may otherwise be required in response to a governmental agency or legal process; or (iv) the final decision of the arbitrator for good cause shown directs that it may be disclosed. All settlement negotiations, mediations, and the results thereof shall be confidential.

**Agreement to Arbitrate In Interstate Commerce**

This Policy is an agreement to arbitrate pursuant to the Federal Arbitration Act, 9 U.S.C.A. Sections 1-14 or, if that Act is held to be inapplicable for any reason, the arbitration law in the state in which the

Employee last worked for the Company or was living at the time of application for employment with the Company.

**Severability/Conflict with Law**

In the event that any portion of the DRP is held to be in conflict with a mandatory provision of applicable law, the remainder of these DRP procedures shall not be affected to the extent permitted by law. For example, if a court holds some particular provision(s) of the DRP to be in conflict with a mandatory provision of applicable law in that jurisdiction, such provision(s) will not be enforced in that jurisdiction, but the exclusivity of the DRP and its arbitration as the sole and exclusive forum for all Covered Claims within its scope shall not be affected. In the event a court were to determine that this DRP is not the sole and exclusive forum and remedy, or that an arbitration award rendered under this DRP is not final and binding between the Parties, it is nevertheless intended that exhaustion of the DRP be a condition precedent to the institution of any individual litigation by a claimant with respect to Covered Claims.

**Modification or Termination**

This DRP may be modified, in whole or in part, or terminated by the Company only after the Company provides at least thirty (30) calendar days written notice of such modification or termination to employees, and only with respect to claims submitted under the Policy which are received after the effective date of such modification or termination. The Policy in effect at the time a claim is received by the Company will govern the process by which the claim is determined.

**Coordination**

The Policy does not limit the ability of an employee to file with any governmental agency but does limit an employee's ability to pursue a lawsuit against the Company.

It should be noted that the DRP does not modify in any way or replace the Code of Ethical Business Conduct or the other policies adopted by the Company and applicable to its employees. Employees have a continuing responsibility to report violations of these policies to the appropriate authorities and to comply with their responsibilities and obligations under other policies of the Company.

**Responsibilities**

The Company appoints the Human Resources Department and the Vice President for Human Resources or his designee(s) as the administrators of the Policy for the following functions who will perform the following functions:

1. Coordinate the receipt of notices with Employees, supervisors and Human Resources representatives;

2. Answer questions about DRP;
3. Monitor compliance with all time phase requirements of the DRP procedure;
4. Facilitate and assist in scheduling management review panel meetings, mediation meetings and arbitration hearings at Levels 2, 3 and 4;
5. Administer the terms and conditions of the DRP, including communication and training; and
6. Function as the Company's administrative liaison with the Dispute Resolution Service Provider ("DR Service Provider"), mediator, or arbitrator for administrative matters.

**General**

The Vice President of Human Resources and the Senior Vice President, General Counsel & Secretary have been delegated the responsibility and authority for assuring full implementation of this Policy.

## III. PROCEDURE AND RESPONSIBILITY

### A. Level 1 – Human Resources

1. **Description** – Human Resources will informally meet with the Employee, his or her supervisor and other parties involved in the dispute to ascertain the circumstances and to try to resolve the matter informally and by agreement of the persons involved.

   After review and approval by the Vice President of Human Resources or his designee, written notice of the Final Determination of the Human Resources Review will be sent to the Employee, regardless of the outcome, and will include the date of Final Determination, as well as a brief description of the resolution, if any.

2. **Submission of Request for Human Resources Review and Time Limits** – It is Company policy that the Employee should file a Notice of Dispute with Human Resources within thirty (30) calendar days after the dispute arises or the dispute is not successfully resolved with the Employee's immediate supervisor or other management officials or Human Resources as set forth in the Grievance and Open Door Policy set forth in the Employee Handbook. This is a guideline, and shall not be applied to prevent the resolution of claims submitted within the applicable statute of limitations. (See Form 1). While the Company encourages employees to speak with their supervisors and Human Resources with their concerns, it recognizes that it not always successful or possible.

   The DRP seeks to complete the Human Resources Review within thirty (30) calendar days, but more time may be allotted if needed.

   If the Employee intends to further pursue the dispute, he or she must file a Request for Management Review Panel Level 2 within thirty (30) calendar days of the date of Final

Determination of Human Resources Review, or the Employee will waive all rights to pursue his or her claims. (See Form 2).

B. **Level 2 –Management Review Panel**

Except as specifically set forth, all Covered Claims must be handled through Level 1 prior to submission to Level 2.

1. **Description** – The Employee shall have the opportunity to present to a Management Review Panel the dispute, and hear and respond to management's views of the dispute. The Company shall select a panel that shall include at least three (3) members of management who are not the immediate supervisor of the Employee.

   The Management Review Panel will work with the Employee, his or her supervisor, and any other party related to the dispute, in order to reach a resolution that is acceptable to all parties.

   Written notice of the Final Determination of the Management Review Panel will be sent to the Employee, regardless of the outcome, and will include the date of Final Determination, as well as a brief description of the resolution, if any.

2. **Submission of Request for Management Review Panel (Level 2) and Time Limits** – The Employee must submit a Request for Management Review Panel to Human Resources within thirty (30) calendar days of the date of Final Determination of Human Resources Review Level 1, or the Employee will waive all rights to pursue his or her claims. (See Form 2).

   The DRP seeks to complete the Management Review Panel within forty-five (45) calendar days, but more time may be allotted if needed.

   If the Employee intends to further pursue the dispute, he or she must file a Request for Mediation (Level 3) of a Covered Claim within thirty (30) calendar days of the date of Final Determination of the Management Review Panel Level 2, or the Employee will waive all rights to pursue his or her claims. (See Form 3) (Only Covered Claims may be pursued at Levels 3 and 4 without the express written agreement of the parties.)

C. **Level 3 –Mediation**

Except as specifically set forth, all Covered Claims must be handled through Levels 1 and 2 prior to submission to Level 3.

1. **Description** – Mediation involves an attempt by the Parties to resolve their dispute with the aid of a neutral third party not employed by the Company. Mediation is nonbinding and the mediator's role is advisory. The mediator normally gives each party an opportunity to explain the dispute, including reasons that support each Party's positions,

and may offer suggestions and question the Parties, but ultimate resolution of the dispute rests with the Parties themselves.

Written notice of the Conclusion of the Mediation will be sent to the Employee, regardless of the outcome, and will include the date of Conclusion of the Mediation, as well as a brief description of the resolution, if any.

2. **Submission of Request for Mediation and Time Limits** – The Employee submits a Request for Mediation Level 3 to the DRP Administrator within thirty (30) calendar days of the date of final determination of the Management Review Panel Level 2, or the Employee will waive all rights to pursue his or her claims. (See Form 3).

   Each of the parties or the mediator may end the mediation at any point.

   If the Employee intends to further pursue the dispute, he or she must file a Request for Arbitration Level 4 within thirty (30) calendar days of the date of the conclusion of the Mediation (Level 3 "Conclusion"), or the Employee will waive all rights to pursue his or her claims. (See Form 4).

3. **Qualifications of a Mediator** – The Mediator shall have a minimum of three years' experience in the practice of mediation of employment law disputes or comparable experience in the applicable area of law.

   A Mediator chosen by the parties must be available within a reasonable time to mediate the claim.

   In addition, the Mediator must have no financial interest in the Company or outcome of the mediation, or other potential conflict of interest with either Party.

4. **Mediator Selection** – The Employee and the Company will attempt to agree on the Mediator. If the Parties cannot agree within ten (10) calendar days, the Company shall appoint a recognized and independent dispute resolution service provider ("DR Service Provider"), for example the American Arbitration Association, to provide lists of local mediators to the Parties to the extent that local mediators possess the qualifications required by Paragraph 3 (Qualifications of a Mediator). However, the Parties will accept lists which include mediators that are not local to the jurisdictions in question to the extent that qualified local mediators are not available.

   The DR Service Provider will provide each of the Parties with a list of five (5) mediators together with the subject mediators' resumes and fee schedules. Each Party may, within ten (10) calendar days of the DR Service Provider's transmittal date, reject any and all of the mediators on the list by so advising the DR Service Provider. Failure to advise the DR Service Provider in writing within ten (10) calendar days of unacceptable mediators shall be deemed to be a Party's acceptance of any of the mediators on the list. The DR Service Provider will assign a mediator from those



| Corporate Policy | Policy Name: Dispute Resolution Policy | Document No.: HR-001 |
|---|---|---|
| | Department Name: Human Resources | Page 10 of 15 |
| | Original Issue Date: August 10, 2009 | Revision Date: |

acceptable to both Parties. If there is no mutually acceptable mediator on that list, the DR Service Provider will provide a third list of five (5) mediators from which the Parties will alternately strike names until only one mediator is left. The first strike will be determined by a flip of the coin. If the DR Service Provider cannot provide the requisite number of names or lists, the Company may select another DR Service Provider to add additional names or lists.

5. **Attendees at Mediation** – Either Party may be assisted or represented by an attorney. If the Employee does not have an attorney present at the mediation, the Company will not have an attorney present at the mediation. The Employee shall notify the Company ten (10) calendar days prior to the mediation whether he/she will have an attorney present. With due regard to Employee's right to counsel, the Company may waive this requirement. An employee's spouse, significant other or a translator may attend, not as a participant but to assist the Employee.

6. **No Stenographic Record or Electronic Recording** – Neither the Employee, the Company, nor anyone else may make a formal record or transcript, or use any electronic recording device at the mediation. However, both Parties may make handwritten notes during the mediation.

7. **Summary of Disputed Issues** – At least seven (7) calendar days prior to the scheduled mediation, each Party may provide the mediator with a brief written summary of the dispute setting forth the Party's position concerning all claims and attaching any materials they wish.

8. **Cost and Fees** – The Company will pay (1) the administrative fees of the DR Service Provider; (2) the mediator's fee and reasonable travel expenses; (3) the cost of renting a mediation room, if necessary; and (4) the Employee's salary, if still employed by the Company, for the time spent at the mediation. The Parties shall each pay their own attorneys' fees.

**D. Level 4 – Arbitration**

1. **Description** – Arbitration is a dispute-resolution process in which an impartial third-party arbitrator makes a decision on Employee's claims after hearing both Parties' positions. An arbitration hearing resembles a court proceeding in certain ways. Both Parties have the opportunity to be represented by an attorney, to make opening statements, to present the testimony of witnesses and to introduce exhibits through witnesses, to cross-examine the other Party's witnesses and to make closing statements.

   Arbitration differs from mediation in that the Arbitrator decides the merits of the Employee's claims and issues a written decision that is final and binding on both Parties, except for very limited exceptions. So called "class" or "collective" actions shall not be determined by arbitration, but shall be determined in a court of competent jurisdiction.



2. **Submission of Request for Arbitration and Time Limits** – The Employee must submit a Request for Arbitration (Level 4) of a Covered Claim to the DRP Administrator within thirty (30) calendar days of the date of the Conclusion of the mediation, or the Employee will waive all rights to pursue his or her claims. (Only Covered Claims are pursued through Levels 3 and 4.)

   The Parties may agree on a date and time for the arbitration hearing. However, if the Parties fail to agree before the appointment of the Arbitrator, the Arbitrator shall set the time and date of the arbitration hearing. The Arbitrator shall also determine the length of the hearing.

3. **Qualifications of a Neutral Arbitrator** – The arbitrator shall have a minimum of three years' experience in the practice of arbitration of employment law disputes or comparable experience in the applicable area of the law.

   An arbitrator chosen by the Parties must be available within a reasonable time to arbitrate the claim. In addition, the arbitrator must have no financial interest in the Company or outcome of the arbitration, or other potential conflict of interest with either party.

4. **Arbitrator Selection** – The Employee and the Company will attempt to agree on the arbitrator. If the Parties cannot agree within ten (10) calendar days, the Company shall appoint a recognized and independent DR Service Provider, such as the American Arbitration Association, to provide lists of local arbitrators to the Parties to the extent that local arbitrators possess the qualifications required by Paragraph 3 (Qualifications of a Neutral Arbitrator). However, the Parties will accept lists which include arbitrators that are not local to the jurisdictions in question to the extent that qualified local arbitrators are not available.

   The DR Service Provider will provide each of the Parties with a list of seven (7) arbitrators together with the subject arbitrators' resumes and fee schedules. Each Party may, within ten (10) calendar days of the DR Service Provider's transmittal date, reject any and all of the arbitrators on the list by so advising the DR Service Provider. Failure to advise the DR Service Provider in writing within ten (10) calendar days of unacceptable arbitrators shall be deemed to be a Party's acceptance of any of the arbitrators on the list. The DR Service Provider will assign an arbitrator from those acceptable to both Parties.

   If there are no mutually acceptable arbitrators on the first list, the DR Service Provider will provide the Parties a second list of seven (7) arbitrators, from which each Party may advise the DR Service Provider in writing of unacceptable arbitrators within ten (10) calendar days of the DR Service Provider's transmittal date.

   If there is no mutually acceptable arbitrator on that list, the DR Service Provider will provide a third list of at least five (5) arbitrators from which the Parties will alternately

strike names until only one arbitrator is left. The first strike will be determined by a flip of the coin. If the DR Service Provider cannot provide the requisite number of names or lists, the Company may select another DR Service Provider to add additional names or lists.

5. **Attendees at Arbitration Hearings** – The Employee or the Company may be assisted or represented by an attorney. Either Party may present witness testimony to the arbitrator. Without written agreement of both Parties or the order of the arbitrator, no one may attend the arbitration hearing except the arbitrator; an official recorder, if any; the Employee; his/her spouse or significant other; the Employee's attorneys, experts, and witnesses; and the Company's attorneys, management personnel, experts, and witnesses.

6. **Recording of the Arbitration Hearing** – Either Party may arrange for a qualified court reporter to make a stenographic record and transcript of the arbitration hearing. If only one Party requests that a record be made, then that Party shall pay for the entire cost of the record. If both Parties want access to the record, the Parties shall share the cost equally, subject to the provisions of Section 18 which allow the arbitrator to award costs in accordance with applicable law. In the event one or both Parties request access to the transcript, the arbitrator shall be provided with an additional copy of the transcript at the expense of the requesting Party or Parties. No Party shall publicize or otherwise disclose any transcript or record that is made of the arbitration proceeding except as may be necessary in any further proceedings concerning the arbitration. If a Party provides the transcript to the arbitrator that Party must provide a copy of the transcript to the other Party.

7. **Place of Hearing** – Unless the Parties agree otherwise, or the arbitrator directs otherwise, the arbitration hearing will be held within thirty (30) miles of the Employee's work location or former location.

8. **Discovery** – Discovery is the process by which parties to a pending Covered Claim obtain certain non-privileged information in possession of the other party, which is relevant to the proof or defense of any Covered Claims, including information concerning the existence, description, nature, custody and location of any records, documents or other tangible things and the identity and location of persons having knowledge of any such matter. Consistent with the expedited nature of arbitration, discovery is subject to certain limitations set forth below, including the requirement that the parties shall complete all discovery no later than ten (10) calendar days prior to the start of the arbitration hearing.

9. **Disclosure of Witnesses and Documents** – At least twenty (20) calendar days before the arbitration hearing, each Party shall provide written notice to the other Party of the names and addresses of all witnesses the Party intends to call at the arbitration hearing, copies of all documents the Parties intend to introduce, as well as the names and addresses of attorneys who will attend the hearing. The Parties may supplement this

information up to ten (10) calendar days prior to the hearing or as may be allowed for good cause by the arbitrator.

10. **Protective Orders** – The arbitrator may issue protective orders in response to a request by either Party or by a third-party witness. Such protective orders may include, but are not limited to, sealing the record of the arbitration hearing, in whole or in part, to protect the privacy, trade secrets, proprietary information and/or other legal rights of the parties or the witnesses.

11. **Depositions** – May be allowed by agreement of the Parties or by order of the arbitrator.

12. **General Limitations on the Obligation to Produce Documents** – Each Party has the right to request the production of relevant documents at the actual copying cost of the requesting Party. Either Party may submit a request to the arbitrator for additional discovery or to resolve discovery disputes including claims regarding privileged documents or other prehearing disputes.

13. **Discovery Disputes** – The arbitrator shall have the authority to resolve discovery disputes between the Parties. If either Party wants to bring a discovery dispute to the arbitrator's attention, the Party should arrange for a teleconference with the arbitrator and the other Party. In limited circumstances, if the Party is unable to communicate by telephone conference, the Party may bring a discovery dispute to the attention of the arbitrator in writing, so long as the other Party is provided with a copy of the writing and given an opportunity to respond. If the arbitrator is unable to make a ruling at the end of the teleconference, the arbitrator may request the submission of written materials and/or schedule a meeting with the Parties to resolve the discovery dispute. The Party seeking discovery shall be responsible for bringing the discovery dispute to the attention of the arbitrator.

14. To the extent there is any conflict between the provisions of the DRP and the written rules and procedures of any neutral service provider, arbitrator or mediator, the provisions of the DRP shall control.

15. **Subpoenas** – Each Party may request the arbitrator to subpoena witnesses or documents for the arbitration hearing, pursuant to Section 7 of the Federal Arbitration Act, 9 U.S.C.A. sections 1-14, or the applicable state arbitration statute.

16. **Evidence** – The Parties may offer such evidence at the hearing as is relevant and material to a determination of a Covered Claim. The arbitrator shall determine the weight and relevance to be afforded to such evidence. This procedure does not require conformity to legal rules of evidence; provided, however, the arbitrator shall follow the law applicable to matters of attorney-client privilege, attorney work product, settlement negotiations, and offers to compromise.



| Corporate Policy | Policy Name: Dispute Resolution Policy | Document No.: HR-001 |
|---|---|---|
| | Department Name: Human Resources | Page 14 of 15 |
| | Original Issue Date: August 10, 2009 | Revision Date: |

17. **Brief and Arbitrator's Opinion** – Each Party will have the opportunity, if desired, to submit a written brief to the arbitrator within twenty (20) calendar days of the close of the arbitration hearing or receipt of the arbitration transcript, whichever is later. The Parties waive their right to file a brief, unless they notify the arbitrator by the close of the arbitration hearing of their intention to do so. The arbitrator shall issue a written opinion to the Parties not more than thirty (30) calendar days after the arbitration hearing, or thirty (30) calendar days after the arbitrator's receipt of the Parties' briefs, whichever is later. The opinion shall be signed by the arbitrator and shall contain (a) the names of the Parties and their representatives; (b) the dates and places of the hearing; (c) a summary of the Covered Claim(s) arbitrated and the decision; (d) the damages and/or other remedies/relief, if any; and (e) any other matter deemed pertinent by the arbitrator.

18. **Joinder** – The Arbitrator shall have no authority or jurisdiction to hear or conduct any part of the proceedings as a class or collective action, or to determine the rights or grant any relief to any person or entity that is not a party to the pending arbitration or prior steps of the DRP unless all Parties agree in writing. The arbitrator shall have no authority to determine the rights, order the consolidation or joinder, or grant any remedy to any person other than to the Employee or the Company.

19. **Authority of the Arbitrator** – The arbitrator shall act in accordance with the DRP and may grant any remedy or relief that would have been available to an individual Employee for individual claims had the claim been asserted in court for a Covered Claim. Any class or collective action shall be determined in a court of competent jurisdiction following the exhaustion of the parties of Steps 1, 2 and 3. The fact that a Non-Legal Claim may be referred to or the subject of negotiation in Levels 3 and/or Level 4, shall not be an agreement by either Party to submission of a Non-Legal Claim to Levels 3 and/or 4 and is not an agreement to grant the arbitrator jurisdiction over a Non-Legal Claim. The arbitrator shall have the authority to determine whether a dispute or any part thereof is a Covered Claim.

    The exclusion of Company benefit plans from DRP coverage precludes a claim alleging a violation of such plans, but shall not prevent an arbitrator from including in an award, in connection with a Covered Claim, the monetary value of lost Company benefits caused by a wrongful termination of employment or other violation of law.

    The arbitrator's authority shall be limited to deciding the claims and defenses submitted for arbitration. The arbitrator shall have no authority to change the terms and conditions of employment of an Employee unless required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the individual Employee. The arbitrator shall have no authority to change the Company's personnel policies or to substitute his or her own business judgment for the business judgment of the Company.

| Corporate Policy | Policy Name: Dispute Resolution Policy | Document No.: HR-001 |
|---|---|---|
| | Department Name: Human Resources | Page 15 of 15 |
| | Original Issue Date: August 10, 2009 | Revision Date: |

20. **Front Pay Option Instead of Reinstatement** – If the arbitrator orders the reinstatement of an Employee whose employment has been terminated, there may be situations where either the Employee does not want to return to work or the Company does not wish to reinstate the Employee. In such situations, the arbitrator, at the request of either party, shall have the discretion to issue a supplementary award. Such a supplementary award may grant the Employee reasonable front pay instead of reinstatement in accordance with the applicable state and federal law.

21. **Effect of Arbitrator's Decision** – The arbitrator's award is a final, binding and exclusive determination of all Covered Claims. The arbitrator's award will not be subject to review or appeal except as provided by the Federal Arbitration Act, 9 U.S.C.A. Section 1-14 or, if the Federal Arbitration Act does not apply, by the applicable state arbitration statute. The award shall have no legal effect on the claims of employees who are not party to the arbitration.

22. **Substantive Choice of Law** – The arbitrator shall apply the substantive law of the State in which the Employee is, was or sought to be, predominantly employed. For claims arising under federal law, the arbitrator shall follow the substantive law applicable to the United States District Court for the District in which the Employee is, was or sought to be predominantly employed.

23. **Costs and Fees** – The Company will pay (1) administrative fees; (2) the arbitrator's fee and reasonable travel expenses; (3) the cost of renting an arbitration hearing room, if necessary; and (4) the Employee's salary, if still employed by the Company, for the time spent at the arbitration hearing up to a maximum of seven hearing days. Each Party shall pay its own attorneys' and experts' fees and costs, unless the arbitrator awards reasonable attorneys' or experts' fees or costs in accordance with applicable law.