**EXHIBIT B**

BEFORE ARBITRATOR DAVID B. WHITE

Rose Rhomberg,

    Plaintiff,

vs.

FLIR Systems, Inc.,

    Defendant.

## OPINION AND AWARD

Pursuant to Defendant, FLIR Systems Inc.'s Dispute Resolution Policy, the undersigned Arbitrator submits the within Opinion and Award.

The multiple day Arbitration hearing was held on January 25 – 26, 2017 and February 3, 2017 at the law offices of Burns White LLC. Representing Plaintiff Rose Rhomberg was Joel S. Sansone, Esquire., Massimo A. Terzigni, Esquire and Elizabeth A. Tuttle, Esquire. Representing Defendant FLIR Systems, Inc., was Michael A. Pavlick, Esquire and Ali J. Parker, Esquire.

The matter arises out of a claim asserted by Plaintiff under Title VII of the Civil Rights Act of 1964. More specifically, Plaintiff claims that she was terminated from her position as a Sales Manager for domestic sales of Tactical Vision Systems ("TVS") products because she was a female. In order to prevail on her sex discrimination claims she must prove her case using the three-step burden shifting framework outlined in McDonnell Douglas Corp. v. Green, 460 F.3d 447 (3rd Cir. 2006).

The first prong of the Plaintiff's burden is to establish a prima facie case of discrimination. In this case the Arbitrator finds that Plaintiff is in a protected class because of her gender, that she was qualified for the position of Sales Manager, there was an adverse

employment action taken against her, and there is a causal connection between the adverse employment action and her gender. Plaintiff was replaced by a male, Guy Blocker, despite Plaintiff's strong sales performance record. Since Plaintiff meets the first prong of the McDonnell Douglas test, the burden shifts to Defendant to advance a legitimate, non-discriminatory reason for Plaintiff's termination.

Defendant proffered as its reason for Plaintiff's termination that FLIR's surveillance business was depressed and in an effort to reduce costs wanted to combine three positions into one. Mr. Blocker was selected by Defendant to handle the position as opposed to Plaintiff due to his technical expertise. While the Arbitrator found many inconsistencies in the testimony offered by Defendant as to why Mr. Blocker was chosen for the position over Plaintiff, the most telling inconsistency was elicited through the testimony of Steve Williams, Vice President of Global Business Development for Defendant. Mr. Williams testified that an important consideration in the decision to select Mr. Blocker instead of Plaintiff and to terminate her was that she was a "weak performer". Contrary to this reason was an email from Rachel Salamone, Defendant's Vice President of Human Resources for Surveillance, sent to Plaintiff shortly after her termination wherein Ms. Salamone stated that the company was pleased with the Plaintiff's work. Moreover, Mr. Williams conceded he never reviewed Plaintiff's most recent evaluations when considering his decision to terminate Plaintiff even though one of his reasons to terminate the Plaintiff was that she was a "weak performer" and she did not possess strong sales skills. As such, the Arbitrator finds that Defendant's reason for termination was pre-textual.

Accordingly, the Arbitrator finds that Defendant did in fact violate Title VII's prohibition against gender discrimination.

With regard to damages, the Arbitrator awards the Plaintiff a total of $270,000.00 for back pay, front pay (for three years), benefits and compensatory damages.

Dated: March 9, 2017

_____
David B. White, Esquire
Arbitrator